UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

WILLIAM SMITH, JR.                          )
                                            )
            Plaintiff,                      )
    vs.                                     )    No. 1:09-cv-145-DFH-DML
                                            )
ANDY MOHR-BUICK, PONTIAC, GMC, et al.,      )
                                            )
            Defendants.                     )

**Entry Dismissing Complaint and Directing Further Proceedings**

**I.**

Plaintiff William Smith, Jr. ("Smith") alleges that the defendants–Andy Mohr-Buick, Pontiac, GMC ("Andy Mohr"), Shawn M. Rhea, and the Fishers Police Department–violated Ind. Code §§ 34-13-4 and 4-30-8. Smith also alleges that this claim is brought pursuant to 28 U.S.C. § 1343. That statute grants jurisdiction to district courts to hear certain civil-rights claims; it does not define a claim.

The claims alleged in the complaint appear to relate to a truck Smith attempted to purchase from Shawn Rhea, a salesman for Andy Mohr. Apparently, the check Smith used to pay for the truck was returned by the bank. As a result Rhea and the Fishers Police Department harassed Smith and his house guests and sent fraudulent documents to the company financing Smith's truck in an effort to break the agreement between Smith and Drive Financial. Smith also claims that the Fishers Police Department "used racial discrimination, negligence and intentional infliction of emotional distress based on outrageous conduct by submitting fraudulent information to Shawn Rhea." At some point, Smith alleges, he filed for Chapter 13 bankruptcy and he was arrested and forced to sign a plea agreement pleading guilty to check deception, in Hamilton County Superior Court 5.

The plaintiff seeks monetary damages in the amount of twenty-five million dollars and requests that all charges against him in the Hamilton County Superior Court 5 be dismissed.

**II.**

Smith's request to proceed *in forma pauperis* (dkt 2) is **granted**. No assessment of an initial partial filing fee is feasible at this time, although the plaintiff remains responsible for payment of the filing fee.

### III.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A complaint is required by Rule 8(a)(2) of the *Federal Rules of Civil Procedure* to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . . " It has been noted that "dismissal of a complaint on the ground that it is unintelligible is unexceptionable." *Davis v. Ruby Foods, Inc.,* 269 F.3d 818, 820 (7th Cir. 2001).

Mr. Smith's complaint is subject to dismissal for three reasons:

1.  The complaint fails to comply with Rule 8(a)(2) of the *Federal Rules of Civil Procedure.* The complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . . " The plaintiff's claims are unclear, and to the extent that citations are made to the Indiana Code, the statutes referenced are not useful to the plaintiff's claims. Indiana Code § 4-30-8 is actually an entire chapter of the Code that relates to the Indiana State lottery, while § 34-13-4 is a chapter that relates to civil rights claims against public employees and states specifically that "[t]his chapter shall not be construed as: (1) a waiver of the eleventh amendment to the Constitution of the United States; (2) consent by the state of Indiana or its employees to be sued in any federal court."

2.  This court does not appear to have jurisdiction over Smith's claims. The court's subject matter jurisdiction over any federal claim exists through 28 U.S.C. § 1331 and § 1343, whereas jurisdiction over claims under Indiana state law exists, if at all, pursuant to 28 U.S.C. § 1367(c). Subject to exceptions which are plainly not applicable here, "[a] federal court may exercise jurisdiction where: 1) the requirements for diversity jurisdiction set forth in 28 U.S.C. § 1332 are met; or 2) the matter arises under the Constitution, laws, or treaties of the United States as provided in 28 U.S.C. § 1331." *Barringer-Willis v. Healthsource North Carolina,* 14 F.Supp. 2d 780, 781 (E.D.N.C. 1998). Because the limited jurisdiction of a federal court is not to be judicially expanded, the presumption is that "a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Smith has not identified a federal claim alleged against a particular defendant nor has he alleged facts to establish diversity jurisdiction.[1]

---

[1] To the extent that Smith intends to assert a claim of discrimination against the Fishers Police Department, this claim is in all respects except for name against the Town of Fishers. Although a municipality is a "person" subject to suit under § 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under § 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. *Id.* at 690-91; *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994). The plaintiff has alleged no municipal policy or custom concerning any constitutional violations. Thus, he has failed to state a claim upon which relief can be granted as to any municipal defendant.

      3.      Smith's request that all charges against him in the Hamilton County Superior Court 5 be dismissed has not been properly presented to this court at this time. The Court of Appeals has explained that *Younger v. Harris,* 401 U.S. 37, 45 (1971) has "come to mean that absent unusual circumstances, a federal court must refrain from entertaining injunctive relief which might interfere with the officers or judicial process of state courts and administrative agencies when important state interests are involved." *Barichello v. McDonald,* 98 F.3d 948, 954 (7th Cir. 1996).

### IV.

The dismissal of the complaint will not, in this case, lead to dismissal of the action at this time. Instead, the plaintiff shall have **through March 5, 2009,** in which to file an **amended complaint.**

The plaintiff is **notified** that *the amended complaint will completely replace and supersede the original complaint. Massey v. Helman,* 196 F.3d 727, 735 (7th Cir. 1999).

In submitting an amended complaint, the plaintiff shall conform to the following guidelines:

- The amended complaint shall comply with the requirement of Rule 8(a)(2) of the *Federal Rules of Civil Procedure* that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . .";

- The amended complaint shall comply with the requirement of Rule 10 that the allegations in a complaint be made in numbered paragraphs, each of which should recite, as far as practicable, only a single set of circumstances; and

- The amended complaint must identify what legal injury he claims to have suffered and what persons are responsible for each such legal injury.

- The amended complaint shall state this court's basis for jurisdiction, and if 28 U.S.C. § 1343 is referenced, the claim brought pursuant to that statute must also be identified.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date:   2/20/09

Distribution:

William Smith, Jr.
P.O. Box 26526
Indianapolis, IN 46226